IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEBORAH JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:15-CV-3136-L-BH |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated June 28, 2016 (doc. 20), this *pro se* case has been referred for pretrial management. Before the Court for recommendation is *Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, Motion for a More Definite Statement*, filed May 27, 2016 (doc. 17). Based on the relevant filings and applicable law, the motion to dismiss for lack of subject matter jurisdiction should be **GRANTED,** and the motion for a more definite statement is hereby **DENIED as moot**.

**I. BACKGROUND**

On September 28, 2015, Deborah Jackson (Plaintiff) filed this action under the Federal Tort Claims Act (FTCA) against the United States of America (Defendant). (*See* doc. 3.) Her two-sentence complaint alleges that her "suit involves a claim against the United States for personal injury caused by the negligent act, wrongful act and omission of a government employee and contract employee while acting in the scope of their employment." (*Id.* at 1.)[1] She does not allege that she has submitted her claims to the appropriate federal agency, and that the agency has denied her claim.

On May 27, 2016, Defendant filed a motion to dismiss for lack of subject matter jurisdiction

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

under Rule 12(b)(1) and, alternatively, a motion for a more definite statement under Rule 12(e). (doc. 17.)  Plaintiff did not respond.

## II.  RULE 12(b)(1)

Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction based on her failure to exhaust administrative remedies under the FTCA. (doc. 17 at 3-4.)

**A.     Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such a motion "may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The dismissal "is not a determination of the merits," however, and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

A district court may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. When evidence is presented with the motion to dismiss, the attack is

2

"factual." *Williamson*, 645 F.2d at 413.  In that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*  A factual attack may occur at any stage of the proceedings.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists.  *Ramming*, 281 F.3d at 161.

Here, Defendant relies solely on the complaint to support its motion to dismiss, so it presents a facial attack that does not require the resolution of factual matters outside the pleadings.  *See Williamson*, 645 F.2d at 412–13.

**B.      FTCA**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994).  Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States,* 556 F.3d 326, 335 (5th Cir.2009).

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising

3

out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC*, 510 at 477-78.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Section 2675(a) of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and absent compliance with this requirement, district courts are without jurisdiction. *McAfee v. 5th Circuit Judges,* 884 F.2d 221, 222–23 (5th Cir.1989) (per curiam).

Here, Plaintiff has not alleged or shown that she has met the jurisdictional prerequisite by exhausting administrative remedies in compliance with § 2675(a), or that this exhaustion requirement should be excused. Consequently, she has not met her burden of establishing federal jurisdiction over her tort claims, and they should be dismissed. *See Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir.

4

1981).[2]

### III. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff did not specifically respond to the motion to dismiss after being invited to do so. She subsequently moved to amend her complaint, but her motion was denied for failure to comply with the local rules by attaching a copy of her proposed complaint. (*See* docs. 19, 21.) Her motion to amend alleges a botched back surgery at the Veterans Administration Medical Center on February 28, 2013, and that she timely filed suit within six months after the agency's final written notice of its denial of the claim. It therefore appears that she has not alleged her best case, and an opportunity to amend is warranted.

### IV. RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this

---

[2] Because Defendant's motion to dismiss for lack of subject matter jurisdiction should be granted, its alternative motion for a more definite statement is denied as moot.

recommendation, or some other deadline set by the Court, Defendant's motion to dismiss for lack of subject matter jurisdiction should be **GRANTED**, and all of Plaintiff's claims should be **DISMISSED without prejudice** for lack of subject matter jurisdiction. Its motion for a more definite statement is **DENIED as moot**. If Plaintiff timely files an amended complaint, however, Defendant's motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED on this 14th day of November, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE